IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-342

 No. COA19-973

 Filed 20 July 2021

Halifax County, Nos. 18 CVD 1024-26

DEBRA FAIRLEY, pro se, Plaintiff,

 v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS
INN HOTEL, WELDON, NC, Defendant.

______________________________________________________________________________

JANE DORSEY, pro se, Plaintiff,

 v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS
INN HOTEL, WELDON, NC, Defendant.

______________________________________________________________________________

PRICILLA BROWN, pro se, Plaintiff,

 v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS
INN HOTEL, WELDON, NC, Defendant.

 Appeal by defendant from orders entered 24 June 2019 by Judge Teresa R.

Freeman in District Court, Halifax County. Heard in the Court of Appeals 17 March

2020.
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 Jane Dorsey, pro se, Debra Fairley, pro se, and Pricilla Brown, pro se, for
 plaintiff-appellees.

 Young, Moore, and Henderson, P.A., by Robert C. deRosset and Matthew C.
 Burke, for defendant-appellant.

 STROUD, Chief Judge.

¶1 Anand Patel, registered agent for Shree Bhavani, LLC d/b/a/ Days Inn Hotel

 (“defendant”), appeals from orders denying its motions for summary judgment for

 Pricilla Brown, Jane Dorsey, and Debra Fairley (collectively, “plaintiffs”). Defendant

 contends that res judicata barred plaintiffs’ second attempt to recover punitive

 damages. Because we hold that res judicata barred plaintiffs’ claims, we reverse the

 trial court’s orders.

 I. Background

¶2 On 1 October 2018, each plaintiff filed a “complaint for money owed” against

 defendant in Halifax County Small Claims Court (the “small claims actions”).

 Alleging they had sustained bed bug bites during an overnight stay at the Days Inn

 Hotel in Weldon, plaintiffs each sought $5,000.00 in damages. The damages alleged

 were “medical costs, legal costs[,] and punitive damages for pain and suffering.”

 Although defendant was served with the small claims complaints, it did not appear

 at the 29 October 2018 hearing before Magistrate Guy Knapp (the “magistrate” or

 “Magistrate Knapp”). On the day of the hearing, Magistrate Knapp entered
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 judgments in favor of each plaintiff and taxed defendant with the costs of each action.

 Specifically, plaintiff Brown was awarded $101.58 for “medical copay” and “room

 rate,” plaintiff Dorsey was awarded $62.40 for “medical copay,” and plaintiff Fairley

 was awarded $5.00 for “medicine.” Neither plaintiffs nor defendant appealed the

 magistrate’s judgments to district court.

¶3 On 1 and 2 November 2018, each plaintiff filed a “complaint for punitive

 damages” in Halifax County District Court (the “district court actions”). Alleging that

 defendant was “guilty of premises liability,” each plaintiff sought between $8,000.00

 and $10,000.00 in punitive damages for pain and suffering. On 4 and 7 January 2019,

 defendant filed motions to dismiss plaintiffs’ complaints under Rule 12(b)(6) alleging,

 inter alia, each plaintiff had “already obtained a judgment against the real party in

 interest for the same injuries she alleges in this action, and her claims are barred by

 the doctrine of res judicata.” Plaintiffs and defendant attended both hearings on

 defendant’s motions to dismiss.

¶4 At the 25 February 2019 hearing, defendant’s counsel argued that the district

 court actions were barred by res judicata. The trial court stated that res judicata only

 barred the district court actions if Magistrate Knapp “ruled upon” plaintiffs’ punitive

 damages claims in the small claims actions. The trial court continued the hearing so

 plaintiffs could subpoena Magistrate Knapp.

¶5 At the 25 April 2019 hearing, Magistrate Knapp testified that he ruled on the
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 evidence plaintiffs presented at the small claims hearing but stated he “was not

 comfortable with awarding punitive damages in that case at that time.” According to

 Magistrate Knapp, when he heard the small claim actions, he was new in his position

 and was not trained to award punitive damages. Magistrate Knapp testified that he

 explained to plaintiffs “[i]f they, in any fashion, weren’t satisfied with the judgment

 in the Magistrate’s court, they ha[d] the right to appeal to a District Court Judge.”

¶6 After Magistrate Knapp’s testimony, the trial court explained that, because the

 small claims judgments were “completely silent as to the issue of punitive damages,”

 they corroborated Magistrate Knapp’s “credible testimony . . . that he did not hear

 that issue.” Defendant’s counsel acknowledged that the motions to dismiss were

 actually motions for summary judgment.

¶7 On 24 June 2019, the trial court entered written orders denying defendant’s

 motions for summary judgment because each plaintiff “was not afforded ample

 opportunity to litigate her punitive damages claim in Magistrate’s Court.” Defendant

 filed notice of appeal on 22 July 2019.

 II. Jurisdiction

¶8 “An order denying of a motion for summary judgment is an interlocutory order

 because it leaves the matter for further action by the trial court.” Brown v.

 Thompson, 264 N.C. App. 137, 138, 825 S.E.2d 271, 272 (2019) (citation omitted). As

 a matter of course, this Court does not review interlocutory orders. McCallum v. N.C.
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 Co-op. Extension Serv., 142 N.C. App. 48, 50, 542 S.E.2d 227, 230 (2001). Although

 interlocutory, “the denial of a motion for summary judgment based on the defense of

 res judicata may affect a substantial right, making the order immediately

 appealable.” Bockweg v. Anderson, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993)

 (citations omitted). The Supreme Court has explained:

 [A] motion for summary judgment based on res judicata is
 directed at preventing the possibility that a successful
 defendant, or one in privity with that defendant, will twice
 have to defend against the same claim by the same
 plaintiff, or one in privity with that plaintiff. Denial of the
 motion could lead to a second trial in frustration of the
 underlying principles of the doctrine of res judicata.

 Id. at 491, 428 S.E.2d at 161. This case presents just such a scenario. As a result,

 defendant’s appeal is properly before this Court.

 III. Res Judicata

¶9 Defendant argues the trial court erred in denying its motions for summary

 judgment because plaintiffs’ claims for punitive damages were barred by res judicata.

 Plaintiffs contend res judicata did not bar their district court actions because they

 “were not afforded their right to have a fair and full opportunity to litigate the claim

 of punitive damages in small-claims court against the defendant[.]” Therefore, we

 must determine whether res judicata bars an action in district court when the same

 claim was previously pled and adjudicated in a small claims action, but the small

 claims judgment did not award punitive damages.
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

¶ 10 Summary judgment is properly granted “if the pleadings, depositions, answers

 to interrogatories, and admissions on file, together with the affidavits, if any, show

 that there is no genuine issue as to any material fact and that any party is entitled

 to a judgment as a matter of law.” N.C. Gen. Stat. § 1A–1, Rule 56(c) (2019). “An

 appeal from an order granting summary judgment solely raises issues of whether on

 the face of the record there is any genuine issue of material fact, and whether the

 prevailing party is entitled to judgment as a matter of law.” Carcano v. JBSS, LLC,

 200 N.C. App. 162, 166, 684 S.E.2d 41, 46 (2009). “We review a trial court’s order

 granting or denying summary judgment de novo.” Craig v. New Hanover Cty. Bd. of

 Educ., 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation omitted).

¶ 11 “Under the doctrine of res judicata or ‘claim preclusion,’ a final judgment on

 the merits in one action precludes a second suit based on the same cause of action

 between the same parties or their privies.” Whitacre P’ship v. Biosignia, Inc., 358

 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation omitted). “For res judicata to apply,

 a party must ‘show that the previous suit resulted in a final judgment on the merits,

 that the same cause of action is involved, and that both the party asserting res

 judicata and the party against whom res judicata is asserted were either parties or

 stand in privity with parties.’” State ex rel. Tucker v. Frinzi, 344 N.C. 411, 413–14,

 474 S.E.2d 127, 128 (1996) (citation and brackets omitted). Once the final judgment

 is entered, “all matters, either fact or law, that were or should have been adjudicated
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 in the prior action are deemed concluded.” Thomas M. McInnis & Assocs. v. Hall, 318

 N.C. 421, 428, 349 S.E.2d 552, 556 (1986) (emphasis added) (citation omitted).

¶ 12 Here, there is no dispute that the small claims actions and the district court

 actions involve the same dates, facts, injuries, causes of action, and parties.

 Therefore, we must determine whether the small claims actions resulted in final

 judgments on the merits as to plaintiffs’ claims for punitive damages. The North

 Carolina Supreme Court held that “[a] judgment is conclusive as to all issues raised

 by the pleadings.” Hicks v. Koutro, 249 N.C. 61, 64, 105 S.E.2d 196, 199 (1958).

 Plaintiffs’ small claims complaints sought “medical costs, legal costs[,] and punitive

 damages for pain and suffering.” Each respective small claims judgment stated,

 “[t]his action was tried before the undersigned on the cause stated in the complaint.”

 (Emphasis added.) It is well established as to judgments or orders entered in district

 court or superior court that the written judgment establishes the ruling of the court,

 and the same is true for small claims court. See N.C. Gen. Stat. § 1A-1, Rule 58 (2019)

 (“A judgment is entered when it is reduced to writing, signed by the judge, and filed

 with the clerk of court.”); see N.C. Gen. Stat. § 7A-224 (2019) (“Judgment in a small

 claim action is rendered in writing and signed by the magistrate. The judgment so

 rendered is a judgment of the district court, and is recorded and indexed as are

 judgments of the district and superior court generally. Entry is made as soon as

 practicable after rendition.); see generally In re O.D.S., 247 N.C. App. 711, 718, 786
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 S.E.2d 410, 415 (2016). We cannot discern why there would be any need to require a

 judicial officer to testify regarding his thought process in making a decision where

 the small claims judgments were properly written, signed, and filed in accord with

 North Carolina General Statute § 7A-224. Regardless of what the judicial officer may

 have thought or intended, the written, signed, and filed judgment remains the final

 and controlling judgment of the court unless it is appealed.

¶ 13 Whatever the reason the small claims judgments did not address punitive

 damages—and defendant argues many potential reasons—the small claims

 judgments did not include punitive damages but only the actual damages shown by

 plaintiffs, and plaintiffs did not exercise their right to appeal the judgments to district

 court for trial de novo. See N.C. Gen. Stat. § 7A-229 (2019) (“Upon appeal noted, the

 clerk of superior court places the action upon the civil issue docket of the district court

 division. The district judge before whom the action is tried may order repleading or

 further pleading by some or all of the parties; may try the action on stipulation as to

 the issue; or may try it on the pleadings as filed.”); see N.C. Gen. Stat. § 7A-230 (2019)

 (“The appellant in his written notice of appeal may demand a jury on the trial de

 novo. Within 10 days after receipt of the notice of appeal stating that the costs of the

 appeal have been paid, any appellee by written notice served on all parties and on

 the clerk of superior court may demand a jury on the trial de novo.”).
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

¶ 14 Even if the magistrate erred by not considering the punitive damage

 allegations,

 [t]o be valid a judgment need not be free from error.
 Normally no matter how erroneous a final valid judgment
 may be on either the facts or the law, it has binding res
 judicata and collateral estoppel effect in all courts, Federal
 and State, on the parties and their privies.

 King v. Grindstaff, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973) (citation omitted).

 If plaintiffs were dissatisfied with the amount of the judgments in small claims court,

 they had a right of appeal to district court to have a trial de novo. N.C. Gen. Stat. §

 7A-230. The small claims judgments were final judgments as to the claims stated by

 the plaintiffs and they had res judicata effect as to all matters plaintiffs pled, as well

 as all matters that “should have been adjudicated in the prior action[.]” McInnis, 318

 N.C. at 428, 349 S.E.2d at 556.

¶ 15 Section 7A-228 (a) of the North Carolina General Statutes provides that “the

 sole remedy for an aggrieved party [after final disposition before the magistrate] is

 appeal for trial de novo before a district court judge or a jury.” N.C. Gen. Stat. § 7A-

 228(a) (2019). “A judgment from which no appeal is taken, however erroneous, is res

 judicata.” In re Atkinson-Clark Canal Co., 234 N.C. 374, 378, 67 S.E.2d 276, 278

 (1951). Plaintiffs sought punitive damages through new district court actions instead

 of availing themselves to the “sole remedy”– appeal from the small claims judgments

 for trials de novo. The small claims judgments, from which no appeals were taken,
 BROWN V. PATEL

 2021-NCCOA-342

 Opinion of the Court

 remained binding and barred plaintiffs from litigating the same claims. Worthington

 v. Wooten, 242 N.C. 88, 92, 86 S.E.2d 767, 770 (1955) (“The judgment of [the trial

 court] (affirming on appeal the judgment of the clerk) from which no appeal was taken

 was conclusive and binding as to all matters therein decided and also as to all matters

 which could properly have been determined in that action.” (citation omitted)). Thus,

 defendant met its burden on summary judgment of showing that plaintiffs obtained

 final judgments on their small claims actions, so their new claims were barred by res

 judicata.

 IV. Conclusion

¶ 16 Res judicata barred plaintiffs’ district court actions because plaintiffs’ small

 claim actions sought punitive damages and resulted in final judgments. As a result,

 the trial court erred in denying defendant’s motions for summary judgment.

 REVERSED.

 Judges DIETZ and HAMPSON concur.